## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

|   |   |
|---|---|
| 1. JANA FORSYTHE,                            )  |   |
|                                              )  |   |
|         Plaintiff,                           )  |   |
|                                              )  |   |
| v.                                           )  | Case No.: |
|                                              )  |   |
| 1. STATE OF OKLAHOMA, ex rel the             )  | JURY TRIAL DEMANDED |
| Regional University System of Oklahoma d/b/a )  |   |
| Southeastern Oklahoma State University,      )  |   |
|                                              )  |   |
|         Defendant.                           )  |   |

### COMPLAINT

**COMES NOW THE PLAINTIFF**, Jana Forsythe, and for her cause of action herein alleges and states as follows:

### PARTIES

1. The Plaintiff is Jana Forsythe, an adult resident of the City of Guthrie, located in Logan County, Oklahoma.

2. The Defendant is the State of Oklahoma, ex rel the Regional University System of Oklahoma, operating as Southeastern Oklahoma State University.

### JURISDICTION AND VENUE

3. This action is for disability discrimination against the Plaintiff by the Defendant. The Defendant is a recipient of federal funds and therefore is an entity covered by the Rehabilitation Act, 29 U.S.C. §§ 701, et seq., wherefore this claim arises under 29 U.S.C. §§ 794, 794(a) and jurisdiction is granted by 28 U.S.C. § 1331.

4. The Plaintiff is a resident of the City of Guthrie, located in Logan County, Oklahoma. The Defendant is an agency of the State of Oklahoma, with its headquarters in Oklahoma City, Oklahoma County, Oklahoma. Both Logan County and Oklahoma

County Oklahoma are situated in the Western District of the United States District Courts for Oklahoma, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and 29 U.S.C. §794(a)(1).

## STATEMENT OF FACTS

5. Plaintiff is a female who was employed by Defendant beginning approximately July 6, 2020, but who has been notified of her potential termination effective June 2026.

6. The Defendant is an educational institution under the control of the Regional University System of Oklahoma, operating as Southeastern Oklahoma State University. Defendant is a recipient of federal funds and is covered by the Rehabilitation Act.

7. In May, 2025, Plaintiff was diagnosed with cancer requiring surgery, chemotherapy, radiation and further treatment. Plaintiff remains under active medical treatment. As a result of the cancer and the side effects of the cancer treatment, Plaintiff is immunocompromised, experiences impaired use of her arm, and suffers significant pain related to medically necessary treatments, including immune-boosting medications.

8. Plaintiff's cancer is a disability under the Rehabilitation Act, 29 U.S.C. §§ 794, et seq., because the cancer limits one or more major bodily functions, including normal cell growth and immune function. In its active and untreated condition, this cancer would so substantially interfere with major bodily functions that it would result in Plaintiff's death. Further, the treatments necessary for the cancer gravely weaken Plaintiff's immune system, making it medically dangerous to be exposed to infectious environments, including being around groups of persons in an office setting.

9. Plaintiff timely advised Defendant of her disability and need for accommodation by

contacting Ty Anderson (Executive Director of Human Resources), Cynthia Wade (HR) Michele Hockersmith (SBDC State Director), Dana Hugle (Ass't State Director SBDC), Mark Bisson (Assistant or interim president), and Abbie Stewart (ADA accommodations) of her medical condition and her need for reasonable accommodations.

10. The accommodations requested by Plaintiff include:

   a. Medical leave for surgery and recovery;

   b. Intermittent leave for on-going nonsurgical treatment and recovery;

   c. Permission to continue to work remotely due to her immunocompromised condition and heightened risk of serious illness or death from exposure to groups of people. See Ex A, attached.

11. Defendant and its representative refused to engage in the interactive process to determine a reasonable accommodation. Plaintiff's request to work remotely was refused more than once without any explanation or discussion of alternatives.

12. Plaintiff's request to work remotely was reasonable and medically necessary. Exs A, B and C. Plaintiff successfully performed her job duties remotely, and Defendant permitted similarly situated employees in comparable positions to work remotely. Employees who have been or who are being permitted to work remotely while Plaintiff has been denied the same or similar accommodations include, but are not limited to, the following:

   Larry Siebert

   Glenna Wilson

   Susan Urbach

   Sandra Stephens

        Ethan Biller

        Ed Dyer

        Mary Jo Bradley

        Michele Hockersmith

        Dana Hugle

13. In or about September, 2025, Plaintiff was given a return to work directive and told she could no longer work remotely. Plaintiff immediately contacted Defendant's representatives and explained that she is immunocompromised and cannot be around groups of people. Plaintiff pointed out that her work was being successfully completed remotely and asked that she continue the accommodation to be allowed to work remotely.

14. The denial of Plaintiff's requested accommodation reflects application of a blanket policy which was made without any consideration for individual conditions of persons such as the Plaintiff.

15. On or about January 16, 2026, the Defendant, through its Executive Director of Human Resources, Ty Anderson, informed Plaintiff in writing that her FMLA leave entitlement was exhausted and she would no longer receive Shared Sick Leave pay. Plaintiff was advised that she would not receive a paycheck at the end of January, and was placed on unpaid Extended Medical Leave, resulting in a loss of income. Defendant advised the Plaintiff that she would remain on Extended Medical Leave through June 2026 after which time she would receive no further benefits. Ex D.

16. Plaintiff's cause of action arose from:

    a)     Failure of the Defendant to engage in the interactive process

    b)     Denial of a reasonable accommodation

    c)      Disparate treatment in comparison with other persons who do not suffer from the same disability of the Plaintiff but who are otherwise comparable in the ability to perform their job responsibilities remotely.

    d)      Deliberate indifference to Plaintiff's known, serious disability and disregard for Defendant's duties and responsibilities under the Rehabilitation Act.

17. As the direct result of these actions, Plaintiff has suffered lost income and extreme emotional distress. For such injuries, Plaintiff seeks monetary compensation.

18. Certain injuries are not remediable by a damage award. Plaintiff's health insurance is critical to her survival, any interruption, cancellation or lapse in her health coverage would disrupt Plaintiff's on-going cancer treatments and jeopardize her life.

19. Because of the imminent threat that Plaintiff will be removed from her employment provided healthcare coverage, both temporary and permanent injunctive relief is necessary to preserve the status quo.

**WHEREFORE**, Plaintiff prays that this Court:

1. Enter a temporary restraining order precluding the Defendant from cancelling Plaintiff's health insurance.

2. Following a hearing, enter an injunction precluding the Defendant from cancelling Plaintiff's health insurance until the trial of this case is completed.

3. Enter judgment in favor of the Plaintiff on her damage claims together with costs, pre and postjudgment interest and attorney's fees.

**RESPECTFULLY SUBMITTED THIS 13TH DAY OF FEBRUARY, 2026.**

                                            s/ Mark Hammons
                                      HAMMONS, HURST, & ASSOCIATES
Mark Hammons, OBA No. 3784
Amber Hurst, OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
assistant@hammonslaw.com
*Counsel for Plaintiff*

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED