**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JANA FORSYTHE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-267-R |
| | ) | |
| STATE OF OKLAHOMA, ex rel, | ) | |
| THE REGIONAL UNIVERSITY | ) | |
| SYSTEM OF OKLAHOMA d/b/a | ) | |
| SOUTHEASTERN OKLAHOMA | ) | |
| STATE UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Strike Certain Defenses [Doc. No. 13]. The

matter is fully briefed and at issue [Doc. Nos. 21, 23].

Plaintiff Jana Forsythe brought this action against her employer, Defendant the State

of Oklahoma, ex rel., the Regional University System of Oklahoma d/b/a Southeastern

Oklahoma State University, claiming Defendant failed to reasonably accommodate her

disability after she was diagnosed with cancer. Defendant filed its answer [Doc. No. 10] to

Plaintiff's Complaint [Doc. No. 1], listing seven affirmative defenses, three of which

Plaintiff now moves to strike. These defenses read as follows:

∟ Defense Four: "Waiver, estoppel, unclean hands, laches."

∟ Defense Six: "Defendant reserves and does not waive any defenses available under
   all state and federal laws."

∟ Defense Seven: "Defendant reserves the right to amend and supplement these
   defenses as discovery proceeds in this case."

1

Doc. No. 10, at pp. 2-3.

FED. R. CIV. P. 12(f) provides that a court may strike any "insufficient defense" from a pleading. Striking a portion of a pleading is, however, a "drastic remedy" that is viewed with disfavor. *Knighten v. Allstate Ins. Co.*, No. CIV-17-683-D, 2018 WL 718533, at *2 (W.D. Okla. Feb. 5, 2018). Further, motions under Rule 12(f) should generally "not [] be used to police the form of a pleading or to correct any misdesignations it might contain." *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 151 (S.D. Miss. 2018) (quotation omitted).

Here, Plaintiff argues the pleading standard announced in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) applies to affirmative defenses and that Defendant's affirmative defenses fail to meet this standard. This Court has previously determined the standard applies and a defendant must therefore "allege a sufficient factual basis or bases for his . . . affirmative defense to show that the defense is plausibly viable on its face or sufficient factual matter from which a court can infer potential viability." *Gibson v. OfficeMax, Inc.*, Case No. CIV-08-1289-R, at 2 (W.D. Okla. Jan. 30, 2009). The Court will not revisit this prior decision today—though it acknowledges that judges in this district have disagreed on whether *Twombly* and *Iqbal* apply to affirmative defenses.[1]

---

[1] Compare *Knighten*, 2018 WL 718533, at *2 n.1 (DeGiusti, J.) ("The Tenth Circuit has not addressed whether the heightened pleading standards set forth in *Twombly* and *Iqbal* apply to affirmative defenses, and there is a split among district courts on the issue. . . . However, this Court has consistently concluded that the *Twombly/Iqbal* standard does not apply with the same force to affirmative defenses.") (internal quotation marks and citation omitted), and *Henson v. Supplemental Health Care Staffing Specialists*, No. CIV-09-0397-HE, 2009

With respect to Defenses Six and Seven, neither is a true affirmative defense.

Another court in this district has spoken on similarly stated defenses, finding:

> [A]n affirmative defense is one that "precludes liability even if all of the elements of the plaintiff's claim are proven." *Roberge v. Hannah Marine Corp.*, No. 96-1691, 1997 WL 468330, at *3 (6th Cir. Aug. 13, 1997) (unpublished). First, a catchall statement of "any other matter" fails to put Croston on notice of what defenses are raised. Second, reservation of the ability to assert affirmative defenses does not itself preclude Defendant's liability in any legal or factual scenario. The ability to assert a defense at a given time in a case goes to procedure, not legal defenses. Given legal effect, Affirmative Defenses 22 and 23 would exempt Defendant from the requirements of Federal Rules of Civil Procedure 12(a)(1)(A)(i), 15(a)(1), and 15(a)(2). Exempting one party from multiple core procedural rules (obviously) prejudices the other party. Affirmative Defenses 22 and 23 are not defenses at all. Should discovery reveal that a previously-unpled affirmative defense is available, Federal Rule of Civil Procedure 15(a)(2) allows a party to seek leave to amend, which the Court freely grants "when justice so requires."

*Croston v. Breshears*, No. CIV-24-00633-JD, 2025 WL 2844277, at *2 (W.D. Okla. Oct. 7, 2025) (footnote omitted). This Court finds the *Croston* Court's reasoning persuasive.

Defendant must, of course, comply with the Federal Rules of Civil Procedure and

---

WL 10671291, at *1 (W.D. Okla. July 30, 2009) (Heaton, C.J.) ("[T]he court concludes the *Twombly* standard applicable to a plaintiff's claims does not apply with the same force to a defendant's affirmative defenses and that, at least in the ordinary circumstance, a more abbreviated statement of the defense, considered in context with the complaint to which the defenses are addressed, will sufficiently apprise a party of the nature of the defense for pleading purposes."), with *Burget v. Cap. W. Sec., Inc.*, No. CIV-09-1015-M, 2009 WL 4807619, at *2 (W.D. Okla. Dec. 8, 2009) (LaGrange, J.) (applying *Twombly* to affirmative defenses), and *Woodard v. Chesapeake Energy Mktg., Inc.*, No. CIV-08-1097-W, 2009 WL 10702563, at *1 (W.D. Okla. Feb. 17, 2009) (West, J.) (same).

applicable local rules when amending a pleading. Accordingly, Defenses Six and Seven are STRICKEN.[2]

Defense Four states merely "waiver, estoppel, unclean hands, laches." Other courts in this district, including courts that have found the *Iqbal/Twombly* standard does not apply to affirmative defenses, have stricken defenses like Defense Four because of their conclusory, boilerplate natures. *See, e.g.*, *Porras v. N. Okla. Cnty. Mental Health*, No. CIV-21-0631-F, 2021 WL 5065865, at *5 (W.D. Okla. Nov. 1, 2021) ("[N]ot one of these defenses includes any supporting facts. . . . These defenses are not plausible as currently alleged. They are essentially cut and paste averments."); *Wilson v. Lady Di Food Grps. Holding, LLC*, No. CIV-16-1424-D, 2017 WL 1458783, at *2 (W.D. Okla. Apr. 24, 2017) ("[T]here is sufficient prejudice to Plaintiff from being required to spend time and effort searching for their potential applicability that [the defenses of unclean hands, waiver, laches, and/or estoppel] should be stricken."); *Suarez-Martinez v. Wells Fargo Bank, N.A.*, No. CIV-14-1322-M, 2015 WL 1040420, at *3 (W.D. Okla. Mar. 10, 2015) ("[D]efendant has set forth absolutely no factual basis for the defenses of . . . laches, waiver, estoppel . . . [D]efendant merely includes a boilerplate, conclusory statement asserting these defenses. The Court, therefore, finds that these affirmative defenses . . . should be stricken."); *Frisby v. Samco Enters., Inc.*, No. CIV-19-697-G, 2019 WL 5196382, at *2 (W.D. Okla. Oct. 15, 2019) (citation and quotations omitted) (striking the defenses of ratification, waiver,

---

[2] "The striking of these defenses will not be construed to effect Defendant's ability to assert new affirmative defenses through the normal pleading amendment process." *Croston*, 2025 WL 2844277, at *3.

estoppel, and laches because "the listing of these terms, without any accompanying explanation, leaves the applicability thereof to the claims [] unclear"). The Court finds the reasoning of its fellows persuasive, and Plaintiff's Defense Four is therefore STRICKEN. However, as many of its fellows have also allowed, it will permit Defendant "to reassert any of these defenses in a more detailed manner . . . within the time period for amendment of pleadings to be set at [any future] scheduling conference." *Wilson*, 2017 WL 1458783, at *2.

Despite its above ruling, the Court recognizes that these and other similar defenses are often pled out of an abundance of caution to avoid unintentionally waiving a defense. *See Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) (citation omitted) ("The general rule is that a party waives its right to raise an affirmative defense at trial when the party fails to raise the defense in its pleadings."). Because the inclusion or striking of these types of assertions have no consequence on a defendant's ability to raise the argument, the Court fails to see how correcting these misdesignations does anything other than create needless busywork, at least where the answer does not run afoul of Rule 8's instruction to keep pleadings "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Accordingly, Plaintiff's Motion to Strike Certain Defenses [Doc. No. 13] is GRANTED.

5

IT IS SO ORDERED this 30th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE